Ying Ai JIN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73863.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2004.*

Decided Nov. 12, 2004.

Danning Jiang, Law Offices of Danning Jiang, Fremont, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Ying Ai Jin (Jin), a native and citizen of the People's Republic of China, petitions for review of the order of the Board of Immigration Appeals (BIA) affirming the order of the Immigration Judge (IJ) denying her application for asylum, withholding of removal, and protection under Article 3 of the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252 and we grant the petition for review.

We review the BIA's determination that an applicant has failed to establish eligibility for asylum under the substantial evidence standard and can reverse only if the evidence compels that result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Adverse credibility determinations are also reviewed under the substantial evidence standard, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and are entitled to deference, *Manimbao v. Ashcroft*, 329 F.3d 655 (9th Cir.2003). However, "we do not accept blindly an IJ's conclusion that a petitioner is not credible. Rather, we examine the record to see whether substantial evidence supports that conclusion and determine whether the reasoning employed by the IJ is fatally flawed." *Gui*, 280 F.3d at 1225 (internal quotation marks omitted).

Because the parties are familiar with the facts, we do not recite them in detail except as necessary. Jin contends that she was persecuted on account of her opposition to China's coercive population control policy by enduring three forced abortions and involuntary insertion of an IUD, and being fired, fined, and evicted from her company-provided housing. The IJ found Jin not credible and the BIA affirmed.

■ The BIA's order is not supported by substantial evidence. The BIA's finding that Jin was evasive on cross-examination is not supported by the record. Rather, the record shows that, although Jin was emotional during cross-examination, she provided responsive answers. Jin provided explanations for the alleged discrepancies in her reported residences and eviction, and for the differing dates of IUD placement. The BIA failed to address her explanations. An adverse credibility determination is not supported by substantial evidence where the BIA fails to address the applicant's explanation. *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001).

■ The BIA also found that Jin's corroborating documents were suspect because she had admitted using fraudulent medical certificates in China to get time off work while pregnant. This court distinguishes between use of fraudulent documents to escape persecution or enter the U.S. and those which are submitted in an INS proceeding to support an asylum application. *Akinmade v. INS*, 196 F.3d 951, 955–56 (9th Cir.1999). Jin used a false medical certificate in China to hide her pregnancy because she feared persecution. This does not raise doubt as to the validity of the documents she presented to the IJ.

■ The BIA also relied on claimed inconsistencies regarding the dates of Jin's second pregnancy. "[A]lleged inconsistencies in dates that reveal nothing about a petitioner's credibility cannot form the basis of an adverse credibility finding."

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Jin has abandoned her applications for withholding of removal and CAT relief by failing to argue them in her opening brief. *Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996). Accordingly, only her asylum claim is before us.

*Bandari v. INS,* 227 F.3d 1160, 1166 (9th Cir.2000).

The BIA's negative credibility finding is not supported by substantial evidence in the record. Jin testified that she was persecuted on account of her political opinion by being subjected to three forced abortions. Therefore, the record compels the conclusion that she has established eligibility for asylum. 8 U.S.C. § 1101(a)(42); *Wang v. Ashcroft,* 341 F.3d 1015, 1020 (9th Cir.2003) ("The plain language of the statute provides that forced abortions are per se persecution and trigger asylum eligibility."). We therefore grant the petition for review and remand to the BIA for further proceedings.

**PETITION FOR REVIEW GRANTED.**

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.